IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01689-CYC

SHAWN LUTZ,

    Plaintiff,

v.

CARLA LOPEZ, and
JOSHUA FRANKS,

    Defendants.

---

## ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Defendants Carla Lopez and Joshua Frank[1] move for summary judgment on plaintiff Shawn Lutz's claim that they subjected him to cruel and unusual punishment while he was a pretrial detainee at the Denver County Jail. The plaintiff also alleges that they were deliberately indifferent to his medical needs and left him in unsanitary conditions. Because the plaintiff did not exhaust his administrative remedies regarding these incidents, he cannot initiate a lawsuit based on them. As a result, the Court grants the motion.

## LEGAL STANDARD

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

---

[1] The "Joshua Franks" the plaintiff identified is actually Joshua Frank. ECF No. 62 at 1. This order therefore uses that name, despite no party having moved to correct the case caption.

"A fact is material if under the substantive law it is essential to the proper disposition of the claim." *Wright ex rel. Tr. Co. of Kan. v. Abbott Lab'ys, Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001) (quotation marks omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. The dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. "The moving party bears both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (quotation marks omitted).

If the moving party satisfies its initial burden, the non-moving party "may not rest on its pleadings, but must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Id.* (quotation marks omitted). The specific "facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1309 (10th Cir. 2007). Affidavits and testimony "must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient." *Tucker v. Faith Bible Chapel Int'l*, 36 F.4th 1021, 1030–31 (10th Cir. 2022). "The court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

**FACTS**

Because a district court is tasked with determining whether there is a genuine dispute as to any material fact, Fed. R. Civ. P. 56(a), the Federal Rules of Civil Procedure require a party

2

"asserting that a fact . . . is genuinely disputed" to "support the assertion by . . . citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c). This Court's Practice Standards further require particular denials or admissions of a movant's proposed set of undisputed facts by a party opposing summary judgment with specific citations to evidence in the record. D.C.COLO.MJ V.10. The Court explicitly explained this requirement to the plaintiff, ECF No. 64, and also extended his deadline to respond to the motion for summary judgment twice. ECF Nos. 69, 71. Despite this, the plaintiff did not admit or deny the defendants' undisputed facts, nor did he include a separate section with numbered facts in his response with reference to evidence in the record. *See* ECF No. 72. His "failure to object to an asserted fact on a particular ground forfeits the argument that summary judgment should be denied on that ground." *Butler v. Daimler Trucks N. Am., LLC*, 74 F.4th 1131, 1151 (10th Cir. 2023). As a result, the Court may consider any unchallenged facts the defendants offered to be undisputed for this motion. *See id.*; Fed. R. Civ. P. 56(e)(2).

It is true that district courts must construe pro se plaintiffs' pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers," *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)), including during summary-judgment proceedings. *Hall*, 935 F.2d at 1110 n.3. But courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). And liberally construing pleadings cannot conjure a factual dispute out of thin air.

In addition, the plaintiff's unsupported factual assertions in his response are deficient in their particularity and lack supporting evidence. For example, although he avers that he "was

3

transferred into CDOC shortly after filing the step one grievance," ECF No. 72 at 1, he gives no specifics, let alone evidence, of when this happened. That will not do. Such efforts do not "cit[e] to particular parts of materials in the record . . . ; or show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). And "on a motion for summary judgment, it is the responding party's burden to ensure that the factual dispute is portrayed with particularity, without depending on the trial court to conduct its own search of the record." *Cross v. The Home Depot*, 390 F.3d 1283, 1290 (10th Cir. 2004) (quotation marks omitted); *see* Fed. R. Civ. P. 56(c)(3) (stating that a court "need consider only the cited materials"). Further, such unsworn statements are not competent summary judgment evidence. *Torres v. Colo. Dep't of Corr.*, No. 18-cv-02704-KMT, 2020 WL 5629058, at *4 (D. Colo. Sept. 21, 2020). The Court cannot credit them.

With that prologue in place, the following facts are undisputed and identified by reference to "particular parts of materials in the record," Fed. R. Civ. P. 56(c)(1)(A), viewed in the light most favorable to the plaintiff.

On July 24, 2022, the plaintiff was held as a pretrial detainee at the Denver County Jail and both defendants were working at the jail that day. ECF No. 63-1 ¶¶ 4–6.; ECF No. 63-3 ¶¶ 3–6. There was an incident in which the holding cell the plaintiff occupied was flooded. ECF No. 63-1 ¶¶ 7–8; ECF No. 63-3 ¶¶ 5–6; ECF No. 63-2 at 1–14; ECF No. 63-4 at 1–5. The plaintiff's allegations in this case relate to his treatment by the defendants on July 24, 2022. ECF No. 1 at 4–6. Specifically, he alleges that defendants Lopez and Frank reported to the flooded cell and assaulted him. *Id*. at 5. He further alleges that they "applied excessive force," denied him medical care, and instructed others not to provide medical care to the plaintiff. *Id*. at 5–6.

4

At the time of the incident, the Denver Sheriff Department[2] had a multi-step grievance procedure at the Denver County Jail set forth in the Inmate Handbook, which is given to each inmate upon booking. ECF No. 63-10 ¶¶ 5–6; ECF No. 63-11. The Inmate Handbook makes clear that "[u]nder the Prison Litigation Reform Act (PLRA), inmates are required to completely exhaust the Department's available internal grievance and administrative processes before filing any complaint with the federal court." ECF No. 63-11 at 8. It explains the grievance process, which includes the submission of a grievance form, followed by several levels of appeal. ECF No. 63-10 ¶¶ 8–14; ECF No. 63-11 at 7–10.

The plaintiff submitted two initial grievances related to incidents occurring on July 24, 2022 to July 26, 2022. ECF No. 63-10 ¶ 15; ECF No. 63-12. The grievance identified as 18 183516 specifically mentions the defendants and relates to the incident of which the plaintiff complains in the complaint. ECF No. 63-12 at 1. There is no record that a written response to either step-one grievance was provided to the plaintiff. ECF No. 63-10 ¶ 16. Pursuant to the Inmate Handbook, "[i]f an inmate does not receive a written response to their grievance within thirty (30) business days after it was submitted, and the grievance is not a sexual misconduct grievance, the inmate must file their appeal within ten (10) calendar days from the date that they should have received a written response." ECF No. 63-11 at 9. There is no record of the plaintiff filing any appeal relating to either of his grievances. ECF No. 63-10 ¶ 17.

---

[2] The provided Inmate Handbook states that it is issued by the Denver Sheriff Department. ECF No. 63-11 at 1. Defendant Frank states that he was at the Denver County Jail on July 24, 2022, ECF No. 63-3 ¶¶ 3, 5, and defendant Lopez states that the incident occurred at "the jail," ECF No. 63-1 ¶¶ 4–6. Sergeant Klosiewki-Lovato states that the plaintiff was "an inmate at the Denver Detention Center in July 2022." ECF No. 63-10 ¶ 4. To clear up any confusion, the Denver Sheriff oversees both the Denver Detention Center and the Denver County Jail, and the Inmate Handbook makes clear that it applies to all pretrial detainees and inmates at both facilities. ECF No. 63-11 at 2.

Given this recitation of undisputed facts, the Court concludes that a hearing is not necessary because there are no genuine disputed material facts. *See Estrada v. Smart*, 107 F.4th 1254, 1263 (10th Cir. 2024) (noting that if a plaintiff establishes a disputed issue of material fact, an evidentiary hearing should usually be held).

## **ANALYSIS**

The defendants begin by asserting that the plaintiff failed to exhaust his administrative remedies before asserting his claims. ECF No. 62 at 2–4.

There is a threshold issue to address regarding the nature of those claims. The plaintiff asserts violations of both the Eighth and Fourteenth Amendments of the United States Constitution. ECF No. 1 at 4; ECF No. 72 at 1–2. However, the plaintiff was a pretrial detainee at the time of the events underlying this lawsuit, and the Fourteenth Amendment's Due Process Clause, not the Eighth Amendment's proscription against cruel and unusual punishment, protects pretrial detainees. *Colbruno v. Kessler*, 928 F.3d 1155, 1162 (10th Cir. 2019). The claims, then, properly invoke the Fourteenth Amendment instead of the Eighth.

Regardless of the claims' precise basis, the PLRA prohibits any "action" from "be[ing] brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Thus, "exhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). "'Prison conditions' include specific claims of excessive force of the kind alleged in this case." *Gonyea v. Mink*, 206 F. App'x 745, 746 (10th Cir. 2006) (quoting *Porter v. Nussle*, 534 U.S. 516, 522 (2002)).

Procedurally, "[f]ailure to exhaust under the PLRA is an affirmative defense." *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011). "When a defendant moves for summary judgment based on an affirmative defense, Rule 56 puts the burden on the defendant to demonstrate that no disputed material fact exists regarding the affirmative defense asserted." *Estrada*, 107 F.4th at 1261 (quotation marks omitted). "If the defendant meets this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact." *Id*. "If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant is then entitled to summary judgment as a matter of law." *Id*.

Here, it is undisputed that the plaintiff filed two initial grievances but failed to appeal those grievances. ECF No. 62 at 4. In particular, although the plaintiff did not receive a response to the grievances within thirty days, the Inmate Handbook required that he file an appeal within the following ten days to continue his exhaustion of the grievance process. ECF No. 63-11 at 9. He did not. That bars his claims.

The plaintiff protests, pointing to case law indicating that "prison officials' 'failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable.'" *Baughman v. Harless*, 142 F. App'x 354, 359 (10th Cir. 2005) (quoting *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002)). Because the officials here failed to respond, he says, administrative remedies were unavailable to him. ECF No. 72 at 1. But that rationale controls only when the applicable "grievance procedure did not require or provide for further process of an unanswered grievance appeal." *Baughman*, 142 F. App'x at 359. Where the "policies provide" that "prisoners may continue to appeal within the prison system even if they do not receive responses to . . . their grievances," a "failure to respond does not excuse" the prisoner's "failure to exhaust his administrative remedies." *Smith v. Beck*, 165 F.

7

App'x 681, 685 (10th Cir. 2006). So it is here: the Inmate Handbook requires a further appeal even in the absence of a response to the step-one grievances, ECF No. 63-11 at 9, and the plaintiff's failure to follow that procedure is fatal to his claims. To excuse the plaintiff from exhausting all available remedies simply because he received no response to the step-one grievances, then, "would run counter to the PLRA's purpose." *Adams v. Fochee*, No. 12-cv-01076-PAB-CBS, 2013 WL 3093479, at *2 (D. Colo. June 18, 2013).

The plaintiff also maintains that he could not exhaust his remedies because he was transferred into CDOC at some point after filing his step-one grievances. ECF No. 72 at 1. To be sure, "[w]here prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy unavailable and a court will excuse the prisoner's failure to exhaust." *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) (quotation marks omitted). But a transfer, without more, does not constitute such an excuse. After all, the plaintiff could have filed the required appeal of his step-one grievances "from the [CDOC facility] to which he was transferred." *Gonyea*, 206 F. App'x at 747. Nor does his original facility's lack of response excuse his missing that required step: "A failure to respond [to a grievance] does not equate to preventing, thwarting, or hindering an inmate's appeal efforts." *Hill v. Bina*, No. 23-cv-03428-CNS-KAS, 2025 WL 32586, at *4 (D. Colo. Jan. 6, 2025). And, even if the plaintiff subjectively believed that his transfer served as a bar to completing the process, that "belief that it was 'pointless' to file a grievance" would "not excuse him from doing so." *Ruffin v. Barton*, No. 22-cv-00831-NYW-STV, 2023 WL 11956536, at *5 (D. Colo. June 12, 2023), *recommendation adopted*, 2023 WL 11956546 (D. Colo. July 3, 2023).

The short of it is that the burden is on the plaintiff "to show that remedies were unavailable to him." *Estrada*, 107 F.4th at 1261 (quotation marks omitted). The plaintiff fails to

8

carry that burden, providing no evidence of when he was transferred or how his transfer otherwise impacted his ability to mail a grievance appeal to the Denver Sheriff Department. He therefore failed to exhaust his administrative remedies before filing this lawsuit, and his claims must be dismissed. *Ruppert v. Aragon*, 448 F. App'x 862, 863 (10th Cir. 2012).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendants' Motion for Summary Judgment, ECF No. 62, is **GRANTED**. Because this Order "express[es] no opinion on the merits of [the defendants'] motion for summary judgment' and address[es] only the exhaustion issue," the plaintiff's claims against the defendants are **DISMISSED without prejudice**. *Bond v. Wormuth*, No. 22-5019, 2022 WL 17660542, at *5 (10th Cir. Dec. 14, 2022) (remanding case with instructions to revise summary judgment order to dismiss claims without prejudice).

The Clerk of the Court is directed to close this case.

DATED this 2nd day of September, at Denver, Colorado.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge